UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KELLY WOOD and
JOHN NEVES,

          Plaintiffs,

                                **CASE NO.:**

vs.

SURAT INVESTMENTS, LLC, a Florida
Limited Liability Company, and RAJESH
PATEL, Individually,

          Defendants.          /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiffs, KELLY WOOD and JOHN NEVES, by and through the undersigned attorney,

sue the Defendants, SURAT INVESTMENTS, LLC, a Florida Limited Liability Company, and

RAJESH PATEL, Individually, and allege:

      1.     Plaintiffs, KELLY WOOD and JOHN NEVES, were employees of Defendants and

brings this action for unpaid overtime compensation, minimum wages, liquidated damages, and all

other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b)

("FLSA") and Article X, Section 24 of the Florida Constitution.

**General Allegations**

      2.     Plaintiffs, KELLY WOOD and JOHN NEVES were employees who worked at

Defendants' property within the last three years in Orange County, Florida.

      3.     Plaintiff, KELLY WOOD, worked for Defendants receiving a weekly salary of

$300.00 per week.

      4.     Plaintiff, KELLY WOOD, worked as a front desk receptionist for Defendants.

      5.     At all times material to this cause of action, Plaintiff, KELLY WOOD, did not have

1

authority to hire or fire employees, set pay rates, set schedules, or perform any other administrative duties for Defendants.

6.      At all times material to this cause of action, Plaintiff, KELLY WOOD, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7.      Plaintiff, JOHN NEVES, worked for Defendants receiving a weekly salary ranging between $100.00-$200.00 per week.

8.      Plaintiff, JOHN NEVES, worked security and cleaned rooms for Defendants.

9.      At all times material to this cause of action, Plaintiff, JOHN NEVES, did not have authority to hire or fire employees, set pay rates, set schedules, or perform any other administrative duties for Defendants.

10.     Plaintiffs' salary compensation was/is intended to cover forty (40) hours per week of work.

11.     Defendant, SURAT INVESTMENTS, LLC, is a Florida Limited Liability Company that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

12.     Defendant, SURAT INVESTMENTS, LLC, operates as a hotel located at 929 W. Colonial Drive, Orlando, Florida 32804.

13.     At all times relevant to this action, RAJESH PATEL was an individual resident of the State of Florida, who owned and operated SURAT INVESTMENTS, LLC, and who regularly exercised the authority to: (a) hire and fire employees of SURAT INVESTMENTS, LLC; (b) determine the work schedules for the employees of SURAT INVESTMENTS, LLC, and (c) control the finances and operations of SURAT INVESTMENTS, LLC. By virtue of having regularly exercised that authority on behalf of SURAT INVESTMENTS, LLC, RAJESH PATEL is/was an

employer as defined by 29 U.S.C. § 201, et seq.

14.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

15.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

16.     During Plaintiff's employment with Defendants, Defendant, SURAT INVESTMENTS, LLC, earned more than $500,000.00 per year in gross sales.

17.     Defendant, SURAT INVESTMENTS, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

18.     During Plaintiff's employment, Defendant, SURAT INVESTMENTS, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as, toilet paper, bed sheets, soaps, shampoo, cleaning supplies, and other tools/materials used to run the hotel business.

19.     Therefore, at all material times relevant to this action, Defendant, SURAT INVESTMENTS, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20.     Additionally, Plaintiff, KELLY WOOD and JOHN NEVES, are individually covered under the FLSA by engaging in interstate commerce within the hotel industry. Specifically, Plaintiffs serviced Defendants' hotel guests during their stay.

**FLSA Violations**

21.     At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiffs performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs for all overtime hours worked.

3

22.    At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiffs performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs the statutory minimum wage for all hours worked.

23.    During their employment with Defendants, Plaintiffs were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

24.    Specifically, Defendants compensated Plaintiffs their set salary rate regardless of the number of overtime hours worked during the workweek.

25.    Plaintiff is entitled to time and one-half their calculated hourly rate for all hours worked in excess of forty (40) per week.

26.    During their employment with Defendants, Plaintiffs were not paid the statutory minimum wage for all hours worked during the work week.

27.    Specifically, Defendants compensated Plaintiffs their set salary regardless of whether the number of hours worked reduced Plaintiffs' calculated hourly rate below the statutory minimum wage.

28.    Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay and the minimum wage.

29.    Defendant has failed to maintain accurate records of Plaintiffs' hours worked in accordance with the law.

30.    Because Defendants' records are inaccurate and/or inadequate, Plaintiffs can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery*

*Co.*, 328 U.S. 680, 687 (1946).

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

31.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-30 above as though stated fully herein.

32.     Plaintiffs are/were entitled to be paid time and one-half their calculated rate of pay for each hour worked in excess of forty (40) per work week.

33.     During their employment with Defendants, Plaintiffs worked overtime hours but were not paid time and one-half compensation for same.

34.     Plaintiffs were paid their set salary for all hours worked regardless of how many overtime hours were worked in the workweek.

35.     Plaintiffs routinely worked seven (7) days a week, eight (8) to ten (10) hours per day.

36.     Defendants have failed provide accurate overtime compensation for numerous pay periods.

37.     Defendants did not have a good faith basis for their decision not to pay Plaintiffs full overtime compensation.

38.     In addition, Defendants failed to post the required informational listings for the Plaintiffs and other employees pursuant to the FLSA.

39.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

40.     As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to

liquidated damages.

41.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, KELLY WOOD and JOHN NEVES demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES (FEDERAL)

42.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-30 above.

43.     Plaintiffs are/were entitled to be paid the full statutory minimum wage for all hours worked per week during their employment with Defendants.

44.     Plaintiffs are entitled to receive the applicable statutory Federal minimum wage rate for all hours worked per week during their employment with Defendant pursuant to 29 C.F.R. 778.5.

45.     During their employment with Defendants, Plaintiff performed work for Defendants but was not compensated the minimum wage for all hours worked.

46.     Specifically, Plaintiffs received less than the statutory minimum wage once dividing the number of hours worked into the set salary received per week.

47.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs the federal minimum wage for each hour worked in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

48.     As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

49.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, KELLY WOOD and JOHN NEVES demand judgment against Defendants for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – RECOVERY OF MINIMUM WAGES (FLORIDA)

50.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-30 above.

51.     Plaintiffs are/were entitled to be paid the full statutory minimum wage for all hours worked per week during their employment with Defendants.

52.     Defendants willfully failed to pay Plaintiffs the minimum wage during one or more workweeks during the subject period of work contrary to Article X, Section 24 of the Florida Constitution.

53.     During their employment with Defendants, Plaintiff performed work for Defendants but was not compensated the Florida minimum wage for all hours worked.

54.     Specifically, Plaintiffs received less than the statutory Florida minimum wage once dividing the number of hours worked into the set salary received per week.

55.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs the Florida minimum wage for each hour worked in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

56.     As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

57.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, KELLY WOOD and JOHN NEVES demand judgment against Defendants for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this _____ 26 _____ day of August, 2019

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff