**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KELLY WOOD and JOHN NEVES,**

      **Plaintiffs,**

v.                                                                **Case No:   6:19-cv-1681-Orl-41EJK**

**SURAT INVESTMENTS, LLC and**
**RAJESH PATEL,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement ("the Motion"), filed March 2, 2020. (Doc. 14.) Upon consideration, I respectfully recommend that the Motion be granted in part and denied in part.

**I.  BACKGROUND**

On August 28, 2019, Plaintiffs, Kelly Wood and John Neves, initiated this case against Defendants, Surat Investments, LLC and Rajesh Patel, alleging violations of the minimum wage and overtime wage compensation provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219 (2018). (Doc. 1, ¶¶ 21–30.) In the Complaint, Wood alleges that she worked as a "front desk receptionist," while Neves worked security and cleaned rooms for Defendants. (*Id.* ¶¶ 4, 8.) Throughout the course of their employment, Plaintiffs allege that they routinely worked between 8 to 10 hours a day, seven days a week. (*Id.* ¶ 35.) Plaintiffs allege that they were neither compensated at a rate of at least the federal minimum wage, nor compensated at a rate of one and a half times the federal minimum wage for hours they worked in excess of 40 hours a week. (*Id.* ¶¶ 22–23.)

Prior to Defendants filing an answer or Plaintiffs answering the Court's interrogatories, the

parties negotiated a compromise and settlement of Plaintiffs' claims and filed a motion for approval of their first settlement agreement (the "Agreement") on January 2, 2020, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Doc. 14.) Afterward, I directed the parties to file a joint notice informing the Court of the amount of alleged overtime compensation Plaintiffs initially sought from Defendants prior to settlement of their claims. (Doc. 15.) Plaintiffs timely filed notices in response to the undersigned's Order (Docs. 16, 17) and thus their Motion is ripe for review.

## II. STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the

stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

## III. DISCUSSION

### a. Settlement Sum

According to the Agreement, Defendants have agreed to pay Wood $3,000 and Neves $1,500 for their minimum wage and unpaid overtime wage claims. (Doc. 14-1, ¶ 3.) Defendants will also pay $3,000 and $1,500 to Wood and Neves, respectively, in liquidated damages. (*Id.*) In response to the Court's order to provide the amount of overtime compensation and minimum wages Plaintiffs initially sought (Doc. 15), Wood indicated that she originally sought between $6,398.56 to $26,027.04 in overtime and minimum wage compensation, while Neves sought between $1,169.74 to $4,796.48. (Docs. 16 at 3, 17 at 3.) Because Plaintiffs will receive less than the amount to which they claimed they were entitled under the FLSA, they have compromised his claim within the meaning of *Lynn's Food*, 679 F.2d at 1354–55.

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid minimum wages … in an additional equal amount as liquidated damages."). On review, I find the $6,000.00 Wood has agreed to accept and

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981 are binding on the Eleventh Circuit).

the $3,000 Neves has accepted in satisfaction of their claims to be fair and reasonable in comparison to their original claims, considering that all parties are represented by counsel and wish to avoid the risk and expense of further litigation. I also find this amount fair in relation to the nature of the dispute between the parties contesting the amount of unpaid minimum wage and overtime payments Plaintiffs were allegedly denied when they routinely worked over 40 hours a week. Thus, I find that the settlement sum represents a fair resolution of a *bona fide* dispute between the parties and that Plaintiffs have not unfairly compromised their claims.

### b. Attorney's Fees

Plaintiffs' attorney will receive a total of $6,000.00 for fees and costs. (Doc. 14-1, ¶ 3.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The parties represent that this amount was negotiated separately from the amount received by Plaintiff, and the settlement is otherwise reasonable on its face; therefore, further review is not required. (Doc. 14 at 3–4); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### c. Release

The parties' settlement agreement contains the following release provision:

> In exchange for the consideration . . . Plaintiffs, for themselves and their attorneys, heirs, executors, administrators, successors, and assigns, hereby waives and releases, knowingly and willingly, Defendants . . . from any and all wage claims of any nature whatsoever that Plaintiffs have arising out of or related to the payment of wages during his employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiffs may have under the FLSA, the Florida Minimum Wage Act, and any and

> all other applicable state, federal, county, or local ordinances, statutes, or regulations, including claims for attorneys' fees which relate to the payment of wages. Plaintiffs also represent and certify that they have received full payment for all hours worked while employed . . . including minimum wage, overtime hours, bonuses, and vacation pay.

(the "Release") (Doc. 14-1, ¶ 2.)

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352.

Judges in this District, including the presiding District Judge, have found similar releases to pass judicial scrutiny because they do not require Plaintiffs to release unknown claims that are *unrelated* to their overtime and minimum wage claims in the present case, and the release is limited only to Defendants. *Dreasher v. Paul E. Walsh Trucking, Inc.*, No. 6:17-cv-1288-Orl-41TBS, 2018 WL 1040000, at *4 (M.D. Fla. Jan. 24, 2018), *report and recommendation adopted as modified*, 2018 WL 1010844 (M.D. Fla. Feb. 22, 2018); *Adams v. Daytona Resort Grp., Inc.*, No. 6:17-cv-1287-Orl-40KRS, 2017 WL 5499785, at *3 (M.D. Fla. Oct. 27, 2017), *report and recommendation adopted*, 2017 WL 5444436 (M.D. Fla. Nov. 14, 2017); *Quinones v. Siemens Indus., Inc.*, No. 6:15-cv-1068-ORL-28TBS, 2016 WL 11579796, at *2 (M.D. Fla. Oct. 25, 2016), *report and recommendation adopted*, 2016 WL 11579809 (M.D. Fla. Oct. 27, 2016).

### d. Amendments Provision

The Agreement contains a provision that grants the parties leave to amend the Agreement (the "Amendment Provision"). It provides that "[t]his Agreement may not be amended, modified,

altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement." (Doc. 14-1, ¶ 13.) Approval of a settlement agreement with such a provision leaves "the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement." *Dumas v. 1 ABLE REALTY, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018). As such, I cannot recommend approval of an agreement that is not in its "final form, with [] opportunity for amendment." *Id.*

> However, this Agreement contains a severability provision that provides:
>
>> Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language and the payment obligations set forth in sections 2 and 3 above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

(the "Severability Provision") (Doc. 14-1, ¶ 10.) Courts in this District routinely approve settlement agreements while striking unfair or unenforceable provisions of the agreement when the agreement contains a severability provision. *See*, *e.g.*, *Encarnacion v. Dannix Painting LLC*, No. 6:18-cv-682-Orl-41KRS, 2018 WL 5084749, at *3 (M.D. Fla. Aug. 13, 2018)*, report and recommendation adopted*, 2018 WL 5840509 (M.D. Fla. Nov. 8, 2018) (recommending that the contradictory provisions and the general release provision be stricken where the settlement agreement contained a severability provision); *Goern v. Everglades Day Safari, Inc.*, No. 2:16-cv-755-FtM-99MRM, 2017 WL 3328242, at *3 (M.D. Fla. July 14, 2017), *report and recommendation adopted*, No. 2:16-cv-755-FtM-99MRM, 2017 WL 3316369 (M.D. Fla. Aug. 2, 2017) (recommending that the plaintiff's "waiver and general release" provision be stricken where the settlement agreement contained a severability provision); *Ramnaraine v. Super Transp. of Fla.*,

*LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *4 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (recommending that the non-disparagement and confidentiality provisions be stricken from a settlement agreement that contained a severability provision). As the Severability Provision permits striking the Amendments Provision, I recommend that the Court sever the Amendments Provision (Doc 14-1, ¶ 13) from the Agreement.

### IV.     RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT IN PART** the parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 14);

2. **SEVER** the Amendments Provision (Doc. 14-1, ¶ 13);

3. **FIND** that the parties' Agreement (Doc. 14-1), as revised, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 15, 2020.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record